**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMAD IJAZ MUGHAL, | No. 07-73952 |
| Petitioner, | |
| | Agency No. A097-354-808 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Mohammad Ijaz Mughal, a native and citizen of Pakistan, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 n.4 (9th Cir. 2003), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The Pakistani authorities detained and beat Mughal based on their mistaken belief that he was someone else. Once they learned his true identity they stopped harming him. Substantial evidence supports the agency's conclusion that Mughal failed to establish his mistreatment was on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). Because Mughal failed to establish past persecution on account of a protected ground, he is not eligible for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(B). Further, substantial evidence supports the agency's conclusion that Mughal failed to establish a well-founded fear of future persecution on account of a protected ground. *See Elias-Zacarias*, 502 U.S. at 483-84.

Because Mughal has not met the standard for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Mughal failed to show it is more likely than not that he would be tortured if returned to Pakistan. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

Finally, we reject Mughal's contention that the IJ erred by not requiring him to testify in Urdu, because he stated he preferred to testify in English and an Urdu interpreter was present at all times, and because Mughal failed to demonstrate that an Urdu interpreter would have affected the outcome of the proceedings. *Colmenar*, 210 F.3d at 971-72 (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

07-73952